# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# Western Division

| | |
|---|---|
| ANR PIPELINE COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>0.014 ACRES, MORE OR LESS, IN MCHENRY COUNTY, ILLINOIS, ON PARCEL IDENTIFICATION NO. 07-36-100-017, COMPOSED OF 0.65 ACRE, MORE OR LESS, BEING MORE PARTICULARLY DESCRIBED AS PART OF THE SOUTHWEST ¼ OF THE NORTHWEST ¼ AND PART OF THE NORTHWEST ¼ OF THE SOUTHWEST ¼ AND ALSO PART OF THE NORTH ½ OF THE NORTHWEST ¼ OF THE SOUTHWEST 1/4 , ALL OF SECTION 36, TOWNSHIP 45 NORTH, RANGE 6 EAST OF THE THIRD PRINCIPAL MERIDIAN, ALL IN MCHENRY COUNTY, ILLINOIS, INSTRUMENT NO. 1981R0817648; AND OWNED BY CHICAGO TITLE LAND TRUST COMPANY, AN ILLINOIS CORPORATION, SUCCESSOR TRUSTEE TO OXFORD BANK & TRUST, AN ILLINOIS CHARTERED BANK, SUCCESSOR TRUSTEE TO FIRST NATIONAL BANK OF WOODSTOCK, A CORPORATION, AS TRUSTEE UNDER CERTAIN TRUST AGREEMENT DATED 3/20/1981 AND KNOWN AS TRUST NUMBER 1767,<br><br>and<br><br>CHICAGO TITLE LAND TRUST COMPANY, AS SUCCESSOR TO FIRST NATIONAL BANK OF WOODSTOCK, A CORPORATION, AS TRUSTEE TO TRUST NUMBER 1767, DATED MARCH 20, 1981, 10 South LaSalle Street, Suite 2750 Chicago, IL 60603,<br><br>      SERVE:    Chicago Title Land Trust Company, as successor to First National Bank of Woodstock, a Corporation, as Trustee to Trust | Case No. 1:24-cv-03516 |

> Number 1767, dated March 20, 1981,
> c/o CT Corporation System
> 208 South LaSalle Street, Suite 814
> Chicago, IL 60604
>
> *Defendants*.

## COMPLAINT IN CONDEMNATION

### Nature of the Case

**1.** Plaintiff ANR Pipeline Company ("ANR"), pursuant to its power of eminent domain as authorized by Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and Federal Rule of Civil Procedure 71.1, files this action for (i) the taking of certain interests in real property; and (ii) the ascertainment and award of just compensation to the owners of interest in real property, Chicago Title Land Trust Company, as successor Trustee, to Trust Number 1767, dated March 20, 1981 ("Chicago Title Land Trust Company"), and any other interested parties (collectively, the "Owner").

### Jurisdiction and Venue

**2.** This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), because: (a) ANR is the holder of a certificate of public convenience and necessity issued by the Federal Energy Regulatory Commission ("FERC") for the construction of an interstate natural gas pipeline that crosses Illinois and Wisconsin; (b) ANR, despite negotiation efforts, has been unable to acquire by contract, or has been unable to agree with the Owner as to the compensation to be paid for, the necessary easement to construct, operate, and maintain a pipeline for the transportation of natural gas; and (c) the amount claimed by the Owner exceeds $3,000.

3.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the interests in the real property that ANR seeks to condemn are located within the Northern District of Illinois.

## Parties

4.     ANR is a Delaware limited partnership with its principal office located at 700 Louisiana Street, Suite 700, Houston, Texas 77002. ANR is an interstate natural gas company as defined by the Natural Gas Act, 15 U.S.C. § 717a(6), and, as such, is authorized to construct, own, operate, and maintain pipelines for the transportation of natural gas in interstate commerce. ANR's transportation of natural gas in interstate commerce is subject to the jurisdiction and approval of FERC.

5.     Chicago Title Land Trust Company, an Illinois corporation, successor Trustee to Oxford Bank & Trust, an Illinois chartered bank, successor Trustee to First National Bank of Woodstock, a corporation, Trustee under that certain Trust Agreement dated 3/20/1981, and known as Trust #1767, is the record owner of that certain tract of land identified as Parcel Identification No. 07-36-100-017, composed of 0.65 acre, more or less, located in McHenry County, Illinois, and being more particularly described in Instrument Number 1981R0817648 of the land records of said County (the "Property"). The Property is depicted on **Exhibit 1**.

6.     There may be other persons who claim an interest in the property to be condemned whose names are currently unknown to ANR because they could not be ascertained by a diligent inquiry. These persons will be made parties to this action as permitted by Federal Rule of Civil Procedure 71.1(c)(3).

## Facts

7.     ANR is in the process of (i) replacing approximately 48 miles of existing pipeline, originally installed in 1949, 1950, and 1960, with approximately 51 miles of new, larger diameter

pipeline; (ii) modifying and replacing compression facilities at two existing compressor stations; (iii) modifying six meter stations; and (iv) installing and removing auxiliary facilities (the "Wisconsin Reliability Project").

8. The pipeline installed will measure 30 inches and 36 inches in diameter in McHenry County, Illinois.

9. Natural gas transported by the Wisconsin Reliability Project will serve multiple public utilities and is necessary to satisfy the growing energy needs of consumers in Illinois and Wisconsin.

10. ANR filed an application for a certificate of public convenience and necessity with FERC on November 14, 2022, FERC Docket No. CP23-15-000, in which it sought permission to construct the Wisconsin Reliability Project and attendant facilities. On December 19, 2023, FERC issued a certificate of public convenience and necessity (the "FERC Certificate") authorizing ANR to construct and operate the Wisconsin Reliability Project. A copy of the FERC Certificate is attached as **Exhibit 2**.

11. FERC found that the Wisconsin Reliability Project will "adequately improve reliability and meet increased demand with no adverse operational impact on existing customers." *See* Ex. 2, at 12, ¶ 29.

12. FERC also found that ANR "demonstrated a need for the Wisconsin Reliability Project, which will enable it to upgrade existing pipeline and compression facilities with new, more modern pipeline and compression facilities." *See* Ex. 2, at 63, ¶ 154.

13. As a result, FERC found that "public convenience and necessity requires approval of the [Wisconsin Reliability Project]." *See* Ex. 2, at 63, ¶ 154.

14. ANR must begin construction of the Wisconsin Reliability Project as soon as possible to ensure completion within FERC's deadline. *See* Ex. 2.

15. The FERC-approved route of the Wisconsin Reliability Project crosses the Property. A map depicting the route of the Wisconsin Reliability Project is attached as **Exhibit 3**.

16. ANR seeks to construct a portion of the Wisconsin Reliability Project on the Property. The Wisconsin Reliability Project cannot be constructed until ANR acquires a temporary access easement (the "Easement"). The Easement is necessary for constructing, maintaining, operating, altering, testing, replacing, and repairing the Wisconsin Reliability Project.

17. A plat depicting the size and nature of the Easement and the Wisconsin Reliability Project's route across the Property is attached hereto as **Exhibit 4**.

18. The Easement to be taken on the Property include a temporary right-of-way to construct, operate, maintain, replace, repair, remove or abandon a temporary access road and/or easement area for the purposes of accessing the Wisconsin Reliability Project and appurtenant equipment and facilities.

19. The Easement will enable ANR to construct the Wisconsin Reliability Project and engage in restoration or clean-up activities. The Easement is requested as of the date of authorized entry onto the Property and their use is required until all work, including restoration, is complete.

20. ANR also seeks to acquire the right of ingress and egress to and from and through the Easement and the right of access through any existing and future roads on the Property.

21. ANR has negotiated with the Owner and has made several efforts to acquire the Easement by contract. However, ANR and the Owner have been unable to agree upon the compensation to be paid.

22. ANR requests the right to immediate possession of the Easement for purposes of constructing the Wisconsin Reliability Project as described above.

23. Pursuant to the authority granted to ANR by Congress in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), ANR now seeks to take by eminent domain the Easement over the Property as depicted herein and in **Exhibit 4**.

**WHEREFORE**, ANR respectfully requests that this Court:

A. Enter an Order of Judgment of Taking by Eminent Domain as to the Easement as described herein;

B. Ascertain and award just compensation to the Owner for the taking of the Easement; and

C. Grant such other relief as may be just and proper.

Dated: May 1, 2024          Respectfully submitted,

**ANR PIPELINE COMPANY**
By Counsel

**/s/ Christoper J. Karamanos**
Christopher J. Karamanos
**MCGUIREWOODS LLP**
77 West Wacker Drive, Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8100
Facsimile: (312) 849-3690

*Of Counsel:*

Richard D. Holzheimer, Jr.
N. Patrick Lee
Zachary J. Poretz
**MCGUIREWOODS LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, Virginia 22102
Telephone: (703) 712-5000
Facsimile: (703) 712-5050
rholzheimer@mcguirewoods.com

plee@mcguirewoods.com
zporetz@mcguirewoods.com

Anastasia P. Cordova
**McGuireWoods LLP**
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
Telephone: (212) 548-2100
Facsimile: (212) 548-2150
acordova@mcguirewoods.com

*Counsel for ANR Pipeline Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that a true copy of the foregoing will be served upon all named Defendants via private process server or, for unknown landowners and if permitted by the court, via publication. Once service is effectuated, an Affidavit/Return of Service will be filed with this Court.

                                                 **/s/ Christoper J. Karamanos**
                                                 Christopher J. Karamanos